IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISON

| | |
|---|---|
| Jennifer Frantz | Civil Action No. |
| Plaintiff | |
| v. | |
| Trans Union, LLC; | |
| Equifax Information Services, LLC; | Complaint |
| And | and |
| SunTrust Bank | Demand for Jury Trial |
| Defendants | |

## COMPLAINT

NOW comes Plaintiff, Jennifer Frantz (hereinafter "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

## PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.  Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District of Texas and their damages occurred here.

## PARTIES

4.	Plaintiff is a natural person and is a citizen of Texas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.	Defendant, Trans Union, LLC, (hereinafter Trans Union) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union is reporting on consumer credit files on about 250,000 consumers in the Eastern District of Texas.

6.	Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Equifax is reporting consumer credit files on over 250,000 consumers in the Eastern District of Texas.

7.	Defendant, SunTrust Bank, (hereinafter, SunTrust) is a Foreign for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. SunTrust is a financial institution actively conducting business in the Eastern District of Texas.

**FACTUAL ALLEGATIONS**

8. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

9. Defendants are reporting Plaintiff's SunTrust Bank (SunTrust) account # 6732**** on Plaintiff's credit reports.

10. Plaintiff's debt with SunTrust arose from an auto loan. SunTrust closed the account on 03/05/2020, after the account was paid in full by Plaintiff's insurance company when the vehicle was totaled. Plaintiff's payment obligations to SunTrust ceased.

11. The trade line was updated to reflect a $0 balance when the account was closed on 03/05/2020.

12. According to Plaintiff's Trans Union credit report dated 07/10/2020, Plaintiff's SunTrust account was closed with a $0 balance on or about 03/05/2020. Despite the SunTrust account being closed with a $0 balance on or around 03/05/2020, SunTrust continued to report an erroneous pay status of "Account 60 Days Past Due Date" for the above listed account on Plaintiff's Trans Union report dated 07/10/2020.  It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 60 days past due as of 07/10/2020. Not only is the SunTrust account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously paid in full.In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

13. According to Plaintiff's Equifax credit report dated 09/09/2020, Plaintiff's SunTrust account was closed with a $0 balance on or about Mar 01, 2020. Despite the SunTrust account

being closed with a $0 balance on or around Mar 01, 2020, SunTrust continued to report an erroneous pay status of "Not More Than Three Payments Past Due" for the above listed account on Plaintiff's Equifax report dated 09/09/2020. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as Not More Than Three Payments Past Due as of 09/09/2020. Not only is the SunTrust account false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously paid in full. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

14. The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "60 days past due" or "Not More Than Three Payments Past Due" on accounts that have a $0 balance. Plaintiff's financial obligations that were once due to SunTrust have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently past due "60 Days Past Due" or "Not More Than Three Payments Past Due", the correct reporting would have reported the pay status as "closed".  Reporting the account as currently 60 days past due date or not more than three payments past due appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 60 days past due or not more than three payments past due is reporting as if Plaintiff is currently late on payments to SunTrust even if

those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

15. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's SunTrust account as reported by Trans Union, Equifax, and SunTrust to be a current past due obligation, thus negatively affecting Plaintiff's credit worthiness.

16. Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

17. Plaintiff disputed the inaccurate late pay status on her SunTrust account through dispute letters sent to Trans Union and Equifax.

18. Trans Union and Equifax did not follow reasonable procedures to assure maximum possible accuracy and have been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

19. Trans Union and Equifax did not provide a good faith investigation into the disputed pay status of the SunTrust account. Trans Union and Equifax did nothing more than parrot inaccurate data from SunTrust in their investigation.

20. SunTrust did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the SunTrust account.

21. Based upon information and belief, Trans Union and Equifax received Plaintiff's dispute and transmitted the dispute to SunTrust, triggering the investigations duties for all

defendants, however all defendants failed. Had they done so, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong. Instead, Trans Union and Equifax verified the erroneous trade line displaying the late pay status.

22. SunTrust continues to report, and Trans Union and Equifax continue to allow SunTrust to report, a pay status indicating that the debt is currently late.

## COUNT I
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

23. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

24. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

25. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

26. Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed SunTrust to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

27. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

28.     Plaintiff's SunTrust account was closed with a $0 balance, but Trans Union continues to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid, however, they continue to report a current status as past due.

29.     As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

30.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT II
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

31.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

32.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

33.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Trans Union reinvestigate the inaccurate reporting of the current pay status on their SunTrust account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 60 Days Past Due".

35. Trans Union did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that SunTrust was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Trans Union failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the SunTrust account. Trans Union simply parroted data from SunTrust. Trans Union did nothing more than to simply regurgitate data from SunTrust.

36. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

37. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

38. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT III
## EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

39. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

41. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed SunTrust to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

43. Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C.

§1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

44. Plaintiff's SunTrust account was closed with a $0 balance, but Equifax continues to report the account with a late/past due status. If Equifax had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that this account was paid, however, they continue to report a current status as past due.

45. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

46. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**COUNT IV**
**EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT**

47. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

49. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

50. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Equifax reinvestigate the inaccurate reporting of the current pay status on their SunTrust account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Not More Than Three Payments Past Due".

51. Equifax did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that SunTrust was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Equifax needed to determine this was in its own records and files. Equifax failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the SunTrust account. Equifax simply parroted data from SunTrust. Equifax did nothing more than to simply regurgitate data from SunTrust.

52. The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have thoroughly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

53. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

54. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT V
## SUNTRUST'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

55. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

56. At all times pertinent hereto, SunTrust was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

57. SunTrust willfully and negligently supplied to Trans Union and Equifax with information about Plaintiff that was false, misleading, and inaccurate.

58. SunTrust willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had SunTrust conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

59. SunTrust did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union and Equifax. SunTrust's investigation was unreasonable and lacking because it failed to lead SunTrust to correct the inaccurate pay status that they were reporting to Trans Union and Equifax regarding Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to

Trans Union and Equifax with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current but past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the SunTrust account is being reported as a current past due obligation monthly, which is inaccurate.

60. SunTrust willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

61. As a direct and proximate cause of SunTrust failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

62. SunTrust's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that SunTrust was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### *Third Parties have viewed Plaintiff's Trans Union and Equifax Credit Reports*

63. The SunTrust account that was reported on Plaintiff's Trans Union and Equifax credit reports has been viewed by third parties all to the detriment and loss of the Plaintiff.

64. Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the negative tradeline provided by SunTrust on Plaintiff's Trans Union and Equifax reports even though Trans Union and Equifax were put on notice of the inaccurate negative reporting through Plaintiff's dispute letters.

65. Plaintiff's credit reports, credit information and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by

SunTrust and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

66. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

67. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **DEMAND FOR JURY TRIAL**

68. Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Dated: December 23, 2020

    Respectfully Submitted,

        /s/Dennis McCarty
        Dennis McCarty
        ATTORNEY FOR PLAINTIFF
        Mississippi Bar No. 102733
        Supreme Court of the United States Bar No. 302174
        Federal Bar No. 993800

2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com


/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777

/s/ Peyton Stein
Peyton Stein
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 39400
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd. Suite 101 #504
Rockwall, Texas 75032
peyton@mycreditattorney.com
Phone 225-412-2777